IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY HOLLER,

    Plaintiff,

v.                                                                                                                  Civ. No. 17-241 GBW

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## ORDER DENYING REMAND

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency ("SSA") decision to deny Plaintiff Social Security Disability Insurance benefits ("SSDI"). *Doc. 17*. For the reasons discussed below, Plaintiff's Motion is DENIED, and this action is DISMISSED with prejudice.

I.     PROCEDURAL HISTORY

Plaintiff filed an initial application for SSDI on September 9, 2013. AR at 165-68. Plaintiff alleged that he had a disability resulting from a fracture of his left tibia, injured shoulder, foot pain and insomnia. AR at 192. His application was denied on initial review on October 21, 2013 and again on reconsideration on January 14, 2014. AR at 103-07, 109-14. On February 12, 2014, Plaintiff requested a hearing on the determination by an Administrative Law Judge ("ALJ"), and the hearing before the ALJ took place on May 29, 2015. AR at 125-26, 61-101. On July 10, 2015, the ALJ issued an unfavorable decision,

1

finding that Plaintiff could return to his past relevant work as a route salesman/sales route driver and was therefore not disabled. AR at 43-49. Notwithstanding that finding, the ALJ proceeded to step five of the five-step disability evaluation and found in the alternative that Plaintiff could perform other jobs existing in significant numbers in the national economy, including the jobs of kitchen helper, hospital cleaner, or industrial sweeper/cleaner. AR at 49-50. The ALJ therefore found that Plaintiff was not disabled. AR at 50.

Plaintiff appealed the denial of his application to the Appeals Council, which denied review on December 23, 2016. AR at 1-3. Plaintiff filed suit in this Court on February 17, 2017, seeking review of the ALJ's decision. *Doc. 1*.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence

2

supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

### III.   PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by conducting a flawed analysis and determination of Plaintiff's residual functional capacity ("RFC"), and that the Appeals Council erred by failing to properly consider new qualifying evidence. *Doc. 17* at 6-9. Defendant argues that the ALJ properly analyzed and determined Plaintiff's RFC and that the Appeals Council did not err, because the additional evidence considered by the Appeals Council does not cast doubt on the ALJ's decision. *Doc. 19* at 7-11. Ultimately, the Court concludes that the ALJ's determination of Plaintiff's RFC comported with the applicable legal standards and was supported by substantial evidence, and that the additional evidence that Plaintiff submitted to the Appeals Council would not have changed the disability determination.

### IV.   ALJ EVALUATION

#### A.  Legal Standard

For purposes of Social Security Disability Insurance benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

3

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). To determine whether a person satisfies these criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520. If the Commissioner finds an individual disabled at any step, the next step is not taken. *Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity;" (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairments meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." *Id*. § 404.1520(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's RFC in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [he] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ determines the physical and mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling (SSR) 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

4

If the ALJ concludes that the claimant cannot engage in past relevant work, the ALJ then proceeds to step five of the evaluation process. At step five, the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

**B. The ALJ's Decision**

On July 10, 2015, the ALJ issued a decision denying Plaintiff's application for benefits. AR at 43-50. In denying Plaintiff's application, the ALJ applied the five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his amended alleged onset date of March 12, 2011 through his date last insured of December 31, 2011. AR at 45. At step two, the ALJ determined that Plaintiff had the following severe impairment: non-displaced lateral malleolus fracture. AR at 45. At step three, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity" of one of the listed impairments. AR at 46.

At step four, the ALJ determined that through the date last insured, Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), with certain limitations, including that Plaintiff:

> can lift 50 pounds occasionally and lift or carry 25 pounds frequently and push or pull the same. He can stand or walk for 6 hours of an 8-hour day and sit for 6 hours of an 8-hour day with normal breaks. He can occasionally climb ramps and stairs but never ladders, ropes, and scaffolds. He can frequently balance and must avoid more than frequent exposure to excessive

5

vibration and unprotected heights.

AR at 46. As the next part of step four, the ALJ found that Plaintiff, through the date last insured, was capable of performing his past relevant work as a Route Salesman/Sales Route Driver. AR at 48-49. Normally, such a finding would justify a determination of non-disability at step four without requiring the ALJ to proceed to step five of the analysis. *See Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir. 1988); *see also* 20 C.F.R. § 404.1520(a)(4). However, the ALJ chose to proceed to step five and made the alternative finding that Plaintiff could also perform other jobs that exist in significant numbers in the national economy. AR at 49-50. Accordingly, at step five, the ALJ found that Plaintiff was not disabled. AR at 50.

V. ANALYSIS

A. **The ALJ Adhered to Proper Legal Standards when Analyzing and Determining Plaintiff's RFC**

Plaintiff's first argument in support of his motion to remand is that the ALJ committed reversible error in his analysis and findings regarding Plaintiff's RFC. Plaintiff presents four separate grounds for this argument. *Doc. 17* at 6-8; *doc. 20* at 3-4. First, the Plaintiff argues the ALJ erred in failing to describe the functional limitations caused by his left leg fracture. Second, Plaintiff claims that the ALJ failed to give adequate findings and reasons for his decision that Plaintiff has the RFC to perform medium work. Third, Plaintiff argues that his past relevant work as a sales route driver does not qualify him to perform other sedentary, semiskilled work as a telephone solicitor because his sales route

6

driver occupation has a mathematical development requirement lower than the telephone solicitor occupation. Fourth, the Plaintiff contends that the ALJ failed to properly consider the Plaintiff's activities of daily living. The Court will address each of these arguments in turn.

> **1. The ALJ Did Not Err in Failing to Describe the Functional Limitations Caused by Plaintiff's Left Leg Fracture**

Plaintiff alleges that the ALJ erred in failing to explain, specifically, how he found that Plaintiff could be on his feet for six hours out of each eight-hour day. *Doc. 17* at 7; *doc. 20* at 3. However, where the Court "can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's decision do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The ALJ's failure to include a detailed and independent discussion of Plaintiff's ability to stand is just such a circumstance.

The ALJ provided sufficient analysis to enable subsequent reviewers to follow his reasoning. The ALJ notes that Plaintiff testified that he can stand for approximately 45 minutes before needing to sit and rest. AR at 47, 83. Although the ALJ only found Plaintiff partially credible, and found that Plaintiff's activities were not consistent with such allegations, the ALJ gave the Plaintiff the benefit of the doubt when assessing Plaintiff's ability to stand. AR at 47. Thus, the ALJ calculated that Plaintiff could stand for approximately 45 minutes out of every hour. He then multiplied this fraction, 45/60 by 8 hours, the average workday. In doing so, the ALJ determined that the Plaintiff could stand

7

for 6 hours out of every average workday. Based on this calculation, the ALJ posed hypotheticals to the VE that limited Plaintiff to employment that does not require standing in excess of 6 hours. AR at 94-98. Considering the above, the ALJ provided the court with sufficient guidance to enable subsequent reviewers to follow his reasoning that led him to determine Plaintiff's standing RFC. As a result, the Court rejects this argument.

> **2. The ALJ Provided a Sufficiently Thorough Analysis of How the Evidence Supports the ALJ's RFC Determination**

In making an RFC determination, the ALJ is to consider "all of the relevant medical and other evidence," including medical reports, consultative examinations, the individual's statements to medical sources, as well as "descriptions and observations of [the individual's] limitations . . . provided by [the individual], [his or her] family, friends, or other persons" to the SSA. 20 C.F.R. § 404.1545(a)(3); *see also* SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). Considering this evidence, the ALJ then determines the individual's "ability to meet the physical, mental, sensory, and other requirements of work," which determines an individual's RFC. 20 C.F.R. § 404.1545(a)(5). The assigned RFC does not represent the least an individual can do despite his limitations, but the most. SSR 96-8p, 1996 WL 374184, at *2.

It is axiomatic that ALJs must explain their reasoning for the RFC they assign. Specifically, "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. at *7.

Plaintiff claims that the ALJ erred by failing to give adequate findings and reasons for his decision that Plaintiff maintains the RFC to perform medium work. *Doc. 17* at 7. However, the Court finds that the ALJ provided a thorough analysis and supplied the guidance necessary for subsequent reviewers to follow his reasoning, which is all that is required for his RFC determination to comport with proper legal standards. *See Hendron*, 767 F.3d at 954-56 (rejecting the plaintiff's argument that the RFC assessment was not supported by a narrative discussion where "[t]he ALJ thoroughly reviewed the medical evidence" and "described the [plaintiff's] own report of her abilities.").

The ALJ's finding that Plaintiff can perform medium work is also supported by substantial evidence. In his decision, the ALJ analyzed Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms in order to determine Plaintiff's RFC. AR at 47. However, the ALJ properly discounted those allegations that he did not find entirely credible by giving "specific reasons" for his credibility findings that were "closely and affirmatively linked" to evidence in the record. *See Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004). For example, the ALJ cited to Plaintiff's subjective allegations of pain and contrasted them with the facts that Plaintiff had not been prescribed any narcotic pain since he was injured, and that Plaintiff is able to engage in various errands and tasks, including caring for his disabled wife. *Id.* Further, the ALJ commented that during Plaintiff's initial disability interview, a Social Security employee noted that Plaintiff "showed no obvious signs of pain, had a normal gait, and walked with no evidence of foot pain." *Id.* In addition, the ALJ stated that Plaintiff had stopped

working because his company went out of business, rather than because of an impairment. AR at 47-48.

Finally, and of note, the ALJ underscored that "the record reveals that [Plaintiff's] attorney advised him not to bear weight or work on his range of motion, which is in sharp contrast to his physician's recommendations and diminishes the credibility of [Plaintiff's] allegations." AR at 48. Overall, by means of this credibility analysis, the ALJ determined the evidence of record was not entirely consistent with Plaintiff's subjective allegations of disabling pain. However, despite his determination that Plaintiff was only partially credible, the ALJ gave Plaintiff the benefit of the doubt and concluded that the Plaintiff's RFC should be limited to medium work on the basis that Plaintiff's pain related to his impairment caused some limitations in his ability to perform work. AR at 46-48.

In the same vein, the ALJ analyzed the medical evidence in a specific and detailed fashion. The ALJ pointed to medical records from Plaintiff's physician completed six weeks after his leg fracture advising that Plaintiff could "return to light work," and finding that the fracture was "stable" with "no new abnormalities." AR at 47. Relatedly, the ALJ noted that Plaintiff's treatment for his allegedly disabling impairment was "essentially routine and/or conservative in nature." Specifically, the ALJ noted that Plaintiff has not had follow-up care on his leg since six weeks after the injury. *Id.* After laying out these factors that explained his reasoning, the ALJ determined Plaintiff's RFC. This analysis was sufficient, and nothing else is required. *See* SSR 96-8P, 1996 WL 374184, at *7. Therefore, the Court rejects Plaintiff's argument on this point.

### 3. **Whether the Career of Telephone Solicitor is Inconsistent with Plaintiff's Qualifications is Irrelevant**

Plaintiff next argues that his past relevant work as a sales route driver does not qualify him to perform other sedentary, semiskilled work as a telephone solicitor, because his sales route driver occupation has a mathematical development requirement lower than the telephone solicitor occupation. Even if this were true, this conflict is immaterial, because the job of telephone solicitor is not one of the three jobs that the ALJ listed as a representative occupation in his alternative findings regarding occupations other than sales route driver that Plaintiff can perform. AR at 49-50. Rather, the ALJ, based on the VE's testimony, determined that Plaintiff's RFC qualifies him to be employed as a kitchen helper, a hospital cleaner, or an industrial sweeper/cleaner. AR at 50. As a result, the Court rejects this argument as irrelevant.

### 4. **The ALJ Did Not Err in Considering Plaintiff's Daily Activities**

Plaintiff objects to the ALJ's analysis of Plaintiff's daily activities in order to determine Plaintiff's RFC limiting him to medium work. *Doc. 17* at 8. Specifically, Plaintiff cites to an unpublished Tenth Circuit opinion in an attempt to demonstrate that the ALJ erred in his evaluation of Plaintiff's daily activities. *Berryhill v. Barnhart*, 64 F. App'x 196 (10th Cir. 2003) (unpublished). In *Berryhill*, the ALJ relied upon the claimant's daily activities to reject her assertions that she was unable to work. *Id.* at 200. The court remanded the case, holding not that consideration of such activities was error *per se*, but rather that the specific claimant's "minimal [household] activities . . . [were] insufficient to

11

establish that she can work on a consistent basis" and that "the record does not contain substantial evidence supporting the ALJ's finding that Berryhill can even perform these minimal activities." *Id.*

In contrast to *Berryhill*, Plaintiff's reported daily activities were not limited to "minimal activities." Rather, Plaintiff testified that he was responsible for activities including cleaning, driving, shopping, preparing meals, and caring for his wife, who was diagnosed with fibromyalgia. AR at 87. Compared to the claimant in *Berryhill*, whose performance of activities was not even supported by substantial evidence, Plaintiff's testimony regarding his performance of regular activities reduces the credibility of his assertions that he is unable to work. Thus, the ALJ properly considered these daily activities as a factor in determining that Plaintiff is capable of medium-level work.

The ALJ's reliance upon Plaintiff's daily activities to determine Plaintiff's RFC is also proper because regulatory guidelines and case law support an ALJ's consideration of a claimant's daily activities. *See* 20 C.F.R. § 404.1529(c)(3)(i) (the claimant's daily activities should be considered in a disability determination); *Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010) (finding that substantial evidence supported ALJ's decision that claimant was not disabled when claimant's description of daily activities did not demonstrate significant limitations). As a result, the ALJ's consideration of Plaintiff's daily activities was appropriate. Therefore, the Court rejects the fourth ground offered in support of Plaintiff's first argument.

### B. **The New Evidence Presented to the Appeals Council was Properly Considered and Does not Cast Doubt on the ALJ's Decision.**

Second, Plaintiff argues that the case should be remanded because the Appeals Council did not properly consider the supplemental evidence Plaintiff submitted to it. However, the Court finds that consideration of the proffered additional evidence would not require a change in the outcome, because the ALJ's determination remains supported by substantial evidence. Plaintiff's argument on this point is therefore rejected.

A claimant is authorized to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision. 20 C.F.R. § 404.970(b) (1987).[1] Pursuant to 20 C.F.R. § 404.970(b), the Appeals Council must "consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision.'" *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (quoting *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995)). Then, the Appeals Council will look to determine whether the qualifying new and material evidence "require[s] a change in the outcome." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). If the Appeals Council does not consider the material new evidence, the case should be remanded. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003).

---

[1] 20 C.F.R. § 404.970 was amended since the time the ALJ issued his decision on July 10, 2015. However, this citation properly refers to the version of the regulation in effect at the time of the ALJ's decision. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 n.5 (10th Cir. 2012). Moreover, the amendment does not alter the analysis herein, as the new version of the regulation still provides that, subject to certain exceptions, the Appeals Council will consider additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, [if] there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (2017).

In the case at bar, Plaintiff submitted several additional medical documents to the Appeals Council. *See* AR at 9-12, 14-28, 30, 227-28, 298-306, 310-15. Some of those documents related to the period following December 31, 2011 and were not relevant to the Appeals Council's consideration of Plaintiff's disability status from March 2011 until December 2011. The Council properly concluded that these documents did not qualify for consideration. AR at 2.

With respect to the documents related to the period prior to Plaintiff's last insured date of December 31, 2011, the Appeals Council considered them. AR at 1-2. These documents included an Emergency Department Physician Chart and an Ambulance Service Patient Care Report from September 9, 2010, and a Formal Health Record from August 3, 2011. AR at 16, 298-306, 310-15.

The Department Physician Chart and Patient Care Report indicate that Plaintiff received emergency treatment on September 9, 2010 due to a work-related injury to his left shoulder area, which was caused when Plaintiff was hit by a forklift. *See* AR at 298-306, 310-15. The report indicates no fracture or dislocation of the shoulder, and determines all other shoulder conditions to be "unremarkable." AR at 302. The report also contains information from a CT scan of Plaintiff's spine. AR at 303-06. Specifically, Dr. Cushnyr, in the report, cited mild multilevel degenerative changes and mild to moderate wedging of the C5 vertebral body. AR at 303. He further cited chronic disc calcification at the T10/T11 level. AR at 304. Plaintiff has never alleged spinal issues as a basis for his disability claim in prior applications or briefing.

Next, the Formal Health Record from August 17, 2011 indicates that Plaintiff sought lab tests in response to erectile function concerns. AR at 16. No information in this record relates to Plaintiff's shoulder or leg complaints.

After consideration of the above information, the Appeals Council concluded that the supplemental information "does not provide a basis for changing the [ALJ's] decision." AR at 2. In response, Plaintiff asserts that the Appeals Council's consideration was insufficient, because it "provided no reasoning for its conclusion and did not mention that the evidence regarding the Plaintiff's shoulder impairment is new and material and relates to" the relevant time period between Plaintiff's alleged disability onset date and his date last insured. *Doc. 20* at 3. However, the Appeals Council is not required to make factual findings as to newly submitted evidence when denying review, even when that evidence includes a medical source opinion. *Lynn v. Colvin*, 637 F. App'x 495, 497-98 (10th Cir. 2016) (unpublished); *see also Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006).

Further, "our general practice [] is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1172-73 (10th Cir. 2005) (rejecting Plaintiff's complaints that the Appeals Council's reference to the new material evidence was perfunctory when writing only that it had considered the additional evidence submitted "but concluded that neither the contentions nor the additional evidence provides a basis for changing the [ALJ's] decision"). Therefore, because the Appeals Council indicated that it did consider the newly submitted evidence before

15

concluding that it provided no basis for changing the ALJ's decision, the Court accepts that assertion as true.

Even if we did not apply this standard of deference to the Appeals Council's statement that it had considered the evidence, Plaintiff's argument would fail because the Court agrees that the newly provided evidence does not provide a basis for changing the ALJ's decision for several reasons. First, the evidence that Plaintiff provided from August 2011 is unrelated to his disability claim and is therefore irrelevant. That evidence concerns Plaintiff's erectile function, which has no impact on Plaintiff's particular RFC. *See* AR at 16.

Second, the remaining evidence within the Emergency Department Physician Chart and Ambulance Service Records from September 2010 does not provide a sufficient basis to conclude that the ALJ's determination was not supported by substantial evidence. AR at 298-306, 310-15. While these two reports reveal that Plaintiff suffered a shoulder injury prior to the March 2011 onset period, there is no evidence that Plaintiff ever followed up on that injury. Nor is there evidence regarding its continuing severity, such that Plaintiff's RFC would be impacted by consideration of those records.

Third, Plaintiff underscores that X-rays taken on the day of Plaintiff's injury on September 9, 2010 indicate certain mild changes in Plaintiff's spine and should thus be considered in determining disability. *Doc. 20* at 1. However, as already noted, Plaintiff has never before in any of his applications or pleadings alleged any form of spinal injury as an impairment underlying his disability claim. In addition, there is no evidence that

Plaintiff followed up on the alleged spinal injury.  Nor is there evidence regarding the continuing severity of any impairment resulting from the spinal injury, such that Plaintiff's RFC would be impacted.  In light of these considerations, the supplemental evidence does not require a change in the outcome.  As such, the Court finds that the Appeals Council did not err in denying review of the ALJ's decision.

**VI.    CONCLUSION**

Plaintiff has failed to establish that the ALJ committed reversible error. Accordingly, Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 17*) is DENIED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**